UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHRYN VERHAGEN,
                                Plaintiff,

v.                                                               Civil Action No. _____

APELLES, L.L.C., and
DEBT RECOVERY SOLUTIONS, LLC,

                                Defendants.
_____

## COMPLAINT

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Kathryn Verhagen is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Apelles, L.L.C., (hereinafter "Apelles") is a foreign limited liability company organized and existing under the laws of the State of Ohio and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Debt Recovery Solutions, LLC, (hereinafter "Debt Recovery") is a limited liability company organized and existing under the laws of the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

8. The acts of the Defendants, and each of them, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. That at all times relevant herein, Apelles acted as agent-in-fact for Debt Recovery, acted within the scope of their agency, and with the actual and apparent authority of Debt Recovery.

10. All references to "Defendant" herein shall mean the said Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff Kathryn Verhagen incurred a debt to Verizon for residential telephone service. Said debt will be referred to as "the subject debt" in this Complaint.

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff Verhagen thereafter defaulted on the subject debt.

14. That upon information and belief, after Plaintiff defaulted on the subject debt, the account was assigned to Debt Recovery.

15. That Debt Recovery subsequently employed Apelles to attempt to collect the subject debt.

16. That beginning in or about August of 2008 until in or approximately October of 2008, Apelles made multiple telephone calls to the home of Plaintiff Verhagen, wherein they left prerecorded voice messages on her telephone answering machine. Said messages stated that "this is not a sales call", directed Plaintiff Verhagen to call Apelles, and did disclose that Apelles was a debt collector.

17. That Plaintiff thereafter contacted Apelles by telephone as directed. During said telephone conversation, Apelles disclosed that they were calling in regards to a Verizon bill.

18. That on or about September 8, 2008, Defendant mailed a letter to Plaintiff Verhagen stating that if the matter was not resolved voluntarily, they intend to compile Plaintiff's personal credit data regarding her employment status, assets, personal banking, and personal credit history. Additionally, Plaintiff was informed that Apelles would advise Debt Recovery whether or not to assign to an attorney Plaintiff's file.

19. That neither Defendant had made a decision to, or intended to sue Plaintiff to collect the subject, and Debt Recovery never authorized Apelles to commence such a suit.

20. That at the time when Apelles mailed said letter, they lacked both the intent and authority to pursue legal action against Plaintiff Verhagen.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

> A. Defendant Apelles violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5), 15 U.S.C. §1692d(6), and 15 U.S.C. §1692e(11) by engaging in conduct the natural consequence of which was to harass the hearer when they repeatedly and continuously caused Plaintiff's home telephone to ring with the intent to annoy, abuse and harass, and by leaving voice messages without meaningful disclosure of their identity and nature of the calls when they left several messages which simply stated "This is not a sales call."
>
> B. Defendant Apelles violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(2), 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(11), and 15 U.S.C. §1692f, by harassing Plaintiff, by using deceptive and misleading representation in connection with the collection of the subject debt, and by using unfair or unconscionable means to collect or attempt to collect the subject debt when they falsely represented that they would sue Plaintiff, that they were qualified to and would give legal advise to Debt Recovery, and that they intended to compile Plaintiff's personal credit data.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.


Dated: November 19, 2008

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiff Kathryn Verhagen affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: November 19, 2008


/s/Kathryn Verhagen__
Kathryn Verhagen